IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DARIN MEADORS                                                                                                PLAINTIFF

vs.                                                     Civil No. 1:18-cv-01008

NANCY A. BERRYHILL                                                            DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Darin Meadors ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on March 30, 2015 (DIB) and on March 25, 2015 (SSI). (Tr. 34). In his applications, he alleges being disabled due to his ankle being broken in three places, problems with his hip, and problems with his breathing. (Tr. 216). Plaintiff alleges an onset date of January 1, 2014. (Tr. 34). These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 75-118).

Plaintiff requested an administrative hearing on his denied applications. (Tr. 140-141). This hearing request was granted, and Plaintiff's administrative hearing was held on October 26, 2016 in Alexandria, Louisiana. (Tr. 50-74). At this hearing, Plaintiff was present and was represented by counsel, Mary Thomason. *Id.* Plaintiff and Vocational Expert ("VE") Mark Cheers testified at this hearing. *Id.*

After this hearing, the ALJ entered an unfavorable decision denying his disability applications. (Tr. 31-44). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2016. (Tr. 36, Finding 1). The ALJ determined Plaintiff engaged in Substantial Gainful Activity ("SGA") during the following periods: January 1-31, 2014. (Tr. 36, Finding 2). However, the ALJ also found that there was a continuous twelve-month period during which Plaintiff did not engage in SGA. (Tr. 36, Finding 3). Thus, the ALJ considered that period. *Id.*

The ALJ determined Plaintiff had the following severe impairments: post-traumatic stress to the left ankle, degenerative disc disease, residual effects of vertebral fractures, and affective disorder. (Tr. 37, Finding 4). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 37-39, Finding 5).

The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 43, Finding 9). The ALJ determined Plaintiff was forty-five (45) years old, which is defined as an "younger individual" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008), on his alleged disability onset date. (Tr. 43, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 39-42, Finding 6). First, the ALJ evaluated Plaintiff' subjective complaints and found they were

2

not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the exceptions listed herein. He can never operate foot controls on the left. Posturally, he can never climb ladders or scaffolds but he can occasionally climb ramps and stairs, balance and stoop. He can never kneel, crouch, or crawl. He cannot work at unprotected heights, operate a motor vehicle, or work in extreme cold. In addition, he is not able to perform at a production rate pace but he can perform goal-oriented work. He is limited to unskilled or semi-skilled work, as defined by the Dictionary of Occupational Titles. Jobs must provide a sit/stand option, which would allow for a brief change of position for one to two minutes every thirty minutes without being off-task or away from the workstation. . . .

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 42-43, Finding 7). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 43-44, Finding 11). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a call-out operator (sedentary, unskilled work) with 41,800 such jobs in the nation; polisher (sedentary, unskilled) with 73,500 such jobs in the nation; and order clerk (sedentary, unskilled) with 165,800 such jobs in the nation. (Tr. 43-44). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his application date of January 1, 2014 through the date of her decision or through February 8, 2017. (Tr. 44, Finding 12).

Plaintiff sought review with the Appeals Council. On January 4, 2018, the Appeals Council denied this request for review. (Tr. 5-8). On January 30, 2018, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 12-13. This case is now ready for determination.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ failed to consider his impairments in combination; and (B) the ALJ erred in evaluating his subjective complaints. ECF No. 12 at 8-17. The Court will address both of these arguments.

**A.    Impairments in Combination**

Plaintiff claims the ALJ erred in considering his impairments in combination. ECF No. 12 at 8-11. With this argument, it appears Plaintiff claims that because he has a number of impairments, he should qualify as disabled. ECF No. 12 at 8-11. It also appears Plaintiff specifically alleges the ALJ improperly applied the Medical-Vocational Guidelines or "the Grids" instead of relying upon the testimony of the VE in considering his impairments in combination. *Id.* This is simply incorrect.

5

In her opinion, the ALJ did consider his impairments in combination, and the ALJ *did not* apply the Grids. (Tr. 39-42). Thus, the Court finds no basis for reversal on this issue.

**B.      Subjective Complaints**

Plaintiff claims the ALJ erred in considering his subjective complaints. ECF No. 12 at 11-16. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Indeed, the ALJ considered Plaintiff's subjective complaints, evaluated his medical records, and noted the following inconsistencies in her decision to discount Plaintiff's subjective complaints regarding his mental impairments:

> While the claimant was admitted and treated for schizoaffective disorder in August 2015, he did not consistently maintain treatment (8F, 9F). *He testified he was no longer taking any psychotropic medications. He was able to maintain activities of daily living.* While the claimant's mental symptoms would affect his ability to perform complex tasks, the ability to perform goal-oriented work would not be prohibited.

(Tr. 42) (emphasis added).

Furthermore, the ALJ accounted for many of his alleged physical impairments, finding Plaintiff would "be reduced to a narrow range of sedentary work, which would allow for a brief change of positions for one to two minutes every 30 minutes." (Tr. 42). Indeed, based upon his briefing, it appears Plaintiff is claiming he is disabled because his daily activities are not as extensive as *they used to be:* "The claimant also testified that he used to love going to high school football games, fishing and golfing, none of which he can do today." ECF No. 12 at 15. This is not the

7

standard for restricted daily activities. Instead, the standard is whether his limitations as found in the ALJ's RFC determination are correct and whether he can perform the occupations which the ALJ identified. Based upon this information, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE